IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE VI-GEANT,<br><br>        Plaintiff,<br><br>   v.<br><br>CHRIS D. VIGEANT,<br><br>        Defendant. | No.  2:20-CV-2173-JAM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names as the only defendant her ex-husband, Chris Vi-Geant.  See ECF No. 1, pgs. 1, 2.  Though Plaintiff resides in California and Defendant resides in Washington, Plaintiff specifically alleges that this action arises under the Court's federal question jurisdiction.  See id. at 3.  In support of her allegation of federal question jurisdiction, Plaintiff cites Sections 233, 602, and 402 of the Social Security Act as well as 42 U.S.C. §§ 659 and "(b)(1)2000."  See id. at 4, 16.  Plaintiff states she is suing for "current alimony and spousal arrears she is lawfully entitled to. . .since March of 2015" as well as "her share of Defendant Vigeant's Motion Picture Retirement benefits. . . ."  Id. at 16-17.  According to Plaintiff, on June 6, 2019, she "sent a Filing to the Court of Appeal here ALL the issues should have been resolved. . . ."  Id. at 20.  Plaintiff states she received notice from the court stating that her appeal had been denied.  See id.  Plaintiff adds: "The court of Appeals in Sacramento erred greatly in their final DENIAL."  Id. at 21.  In a letter from Plaintiff's friend, Sandra Pooley, which Plaintiff attached to her complaint, Plaintiff also references a trial court action.  See id. at 27.

## II. DISCUSSION

At the outset, the Court observes that none of the statutes cited by Plaintiff supports a claim for relief.  Plaintiff cites section 233 of the Social Security Act.  Section 233, 42 U.S.C. § 433, relates to the President's authorization to enter into international agreements involving the social security systems in foreign countries.  Plaintiff cites section 602 of the Social Security Act.  Section 602 authorizes the Coronavirus State Fiscal Recovery Fund and the Coronavirus Local Fiscal Recovery Fund, which authorize payments to the states under the American Rescue Plan Act of 2021.  Plaintiff cites section 402 of the Social Security Act.  Section 402, 42 U.S.C. § 602, defines eligible state plans participating in the Family Assistance Program.  Plaintiff cites "42 U.S.C. § (b)(1)2000."  Section 2000b-1, if this is the provision to which Plaintiff refers, provides for the liability of the United States for costs and attorney's fees.  Finally, Plaintiff cites 42 U.S.C. § 659.  Section 659 establishes the consent of the United States to income withholding, garnishment, and similar proceedings under state law for the enforcement

1  of child support and alimony obligations.

2  In any event, this Court lacks jurisdiction to hear Plaintiff's claims.  Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005).  An exception, inapplicable here, would be where Congress expressly grants federal courts jurisdiction to review state court judgments (such as habeas corpus, for example).

Here, it is clear based on Plaintiff's references to a divorce and various state trial and appellate court proceedings that she is not happy with the way her divorce was concluded or the way the state courts handled her case.  This Court has no jurisdiction to intervene.  Any remedies lie with the state courts.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 3, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE